IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY E. WHITE, et al., | ) CASE NO. 1:11 CV 776 |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| STATE FARM FIRE & CASUALTY CO., | ) MEMORANDUM OPINION |
| Defendant. | ) |

This matter is before the Court on the Plaintiffs' Motion to Remand (ECF #2). The motion to remand is opposed by Defendant State Farm Fire & Casualty Company ("State Farm"). For the reasons that follow, the motion to remand is granted.

**Procedural Background**

Plaintiffs Mary E. White and Fox Henry White filed this action in the Lorain County Court of Common Pleas against Defendant State Farm following the refusal of State Farm to pay for the repair of roof and siding damage sustained by Plaintiffs' residence in a hail storm that occurred on May 7, 2010. In their Complaint, Plaintiffs allege claims of bad faith and breach of contract and assert that they have suffered damages under their homeowners' insurance policy in an amount in excess of $10,000. (ECF #1, Exh.1, ¶19) The demand clause of the Complaint seeks "all compensatory damages resulting from the breach of contract by Defendant, such amount in excess of Twenty-five Thousand Dollars ($25,000) as the court deems just and equitable related to the bad faith of Defendant ... , and for punitive damages, in such amount as the court deems just and equitable, plus Plaintiffs' costs and attorney fees and such other relief as

the court deems just and equitable." (Id.)

Defendant removed the case to this Court pursuant to 28 U.S.C. §1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. §1332. (ECF #1). Plaintiffs have now moved to remand this action to state court, contending that the amount in controversy is not sufficient to meet the federal jurisdictional limits of $75,000. There is no dispute that complete diversity of citizenship exists between the parties.

## Analysis

Federal courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(1). The burden is on Defendant to demonstrate the existence of these requirements by a preponderance of the evidence. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir.2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993)).

Removal statutes are to be strictly construed against the moving party. Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999). The district court must resolve all doubts regarding propriety of removal in favor of the non-removing party *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999).

2

When the plaintiff does not set forth a specific amount of damages in excess of $75,000, the Defendant need not prove to a legal certainty that the actual amount in controversy exceeds $75,000, but must show that the claim "more likely than not" exceeds the federal amount in controversy requirement. *Gafford v. General Electric Co.*, 997 F. 2d 150, 158 (6th Cir. 1993).

"[I]n addition to compensatory damages, potential awards of attorney's fees and punitive damages can count toward the amount in controversy." *Crosby v. American Online, Inc.*, 967 F. Supp. 257 (N.D. Ohio 1997)(citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) and *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983). In determining whether these amounts shall be added to the requested compensatory damages for purposes of determining the amount in controversy this Court need not consider whether it is likely that they will actually be awarded, but rather (1) whether there is some support for such claims alleged in the Complaint, (2) if those claims have been alleged in good faith, and (3) what a likely amount of damages would be if the claims were proven. See, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975). If a request for punitive damages and attorneys fees appears in the prayer, but no claim supporting such a remedy is set forth in the Complaint, these potential remedies should not be included in the calculation of the amount in controversy for purposes of determining federal jurisdiction. *Id.*

On its face, the Complaint requested compensatory damages in excess of $25,000, punitive damages in an amount the court deems just and equitable, and costs and attorneys fees. Although a mere prayer for punitive damages and attorneys fees does not satisfy the requirements for considering these remedies in the determination of the amount in controversy, the Plaintiffs also alleged a bad faith claim which could support a claim of punitive damages. Neither a breach

3

of contract claim nor a bad faith claim specifically provides for an award of costs and attorneys fees. Thus, when considering the amount in controversy, this Court must consider the likely amount of any punitive damages which could be awarded.

Plaintiffs allege that they suffered $10,000 in damages when Defendant allegedly refused to pay their claim. They seek in excess of $25,000 in compensatory damages on their Complaint. As Defendant notes, Plaintiffs' claim for punitive damages is capped by Ohio law at two times compensatory damages. Ohio Rev. Code § 2315.21   Plaintiffs are masters of their own complaint who chose to assert state claims in state court based upon the Plaintiffs' incurring $10,000 in damages. Review of the Complaint and filings in this matter support the conclusion that Defendant has failed to demonstrate that Plaintiffs' Complaint properly alleges that Plaintiffs' damages exceed the $75,000 jurisdictional threshold amount. Accordingly, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332(1).

### Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand ECF #2) is GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 21, 2011